### GRAY et al. v. KALISKI.

Motion Nos. 9986 and 9989; 1301—5794.

Commission of Appeals of Texas, Section B.
March 9, 1932.

For former opinion, see 45 S.W.(2d) 157, which affirmed 28 S.W.(2d) 931.

John C. Wall, J. C. Sullivan, and Don A. Bliss, all of San Antonio, for plaintiffs in error.

F. H. Booth and Robert G. Harris, both of San Antonio, for defendant in error.

RYAN, J.

Article 1767, Rev. St. 1925, provides that, whenever the Supreme Court shall affirm a judgment or decree of a Court of Civil Appeals, it shall render such judgment or decree as should have been rendered by the Court of Civil Appeals, and shall render judgment against the plaintiff in error and the sureties on his appeal or supersedeas bond, for the performance of said judgment or decree, and shall make such disposition as to the costs as they may order.

In this case, plaintiffs in error prevailed in the trial court. A majority of the Court of Civil Appeals reversed that judgment and remanded the cause. We concluded that the Court of Civil Appeals was in error in its findings, but, that court having remanded the cause, its judgment to that extent must be respected, and the remand must stand, Davis v. Meckel (Tex. Sup.) 42 S.W.(2d) 417; but we think that, the plaintiffs in error having prevailed in this court as they should have prevailed in the Court of Civil Appeals, if that court had been in accord with our views of the case, they should recover of defendant in error the costs of this court and of the Court of Civil Appeals, and accordingly so recommend; also in all other respects the motions for rehearing filed by plaintiffs in error and defendant in error be overruled.

### BRIGHTMAN v. STATE.

No. 15053.

Court of Criminal Appeals of Texas.
March 9, 1932.

Johnson & Peden, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is murder; the punishment, confinement in the penitentiary for forty years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.